■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERIBERTO QUINONES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered July 18, 1977, convicting him of attempted murder in the second degree, upon his plea of guilty, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, plea vacated and case remanded to Criminal Term for further proceedings consistent herewith. Defendant, after pleading not guilty to charges including attempted murder in the second degree, entered a plea of guilty to that charge in full satisfaction of the indictment. The crime allegedly occurred when defendant pushed one Flossie Gibson off the roof of a six-story building, thereby causing her serious injuries. At the change of plea, during which time the services of a court interpreter were required, the court addressed itself to the defendant with respect to the alleged crime and he responded as follows: "THE COURT: Tell me in your own words what happened? THE DEFENDANT: She started to run away from me and I followed her into this building. THE COURT: Then what happened? THE DEFENDANT: We were having an argument. We were quarreling. THE COURT: Did you go to the roof? THE DEFENDANT: She ran up to the roof and I was behind her. THE COURT: What happened when you got to the roof? THE DEFENDANT: We were quarreling up there and I pushed her and she fell over." After satisfying itself regarding the defendant's volition and his understanding of the consequences of his plea, the court accepted it. During defendant's allocution at sentencing he repeatedly asserted his innocence and sought to withdraw his guilty plea and go to trial, arguing that he was ineffectively represented by counsel, with whom he had not adequately spoken, and that he was misled, apparently by counsel, into a belief that he had no right to a trial since he had already been found guilty. These are the arguments defendant raises on this appeal. Although neither the defendant

nor the People have argued the sufficiency of his statements at pleading to support the plea of guilty, the interest of justice requires this court, in the exercise of discretion, to address this question. In doing so it is not difficult to see that the court, at the time of the change of plea, elicited from the defendant only one of the two elements (intent and act) which must be present to establish an attempt to commit a crime. Here, the defendant spoke of the act, but the words "I pushed her and she fell over" do not, without more, manifest a specific intent to attempt the crime of murder in the second degree. In its failure to establish both requisite elements of the crime to which a guilty plea was being entered, the court could not have satisfied itself legally as to the sufficiency of the plea. Reversal of the judgment of conviction rendered thereon is, therefore, mandated. The case is remanded for the purpose of affording defendant an opportunity to enter a plea on the charges against him. Titone, J. P., Suozzi, Shapiro and Cohalan, JJ., concur.