■ CHARLES R. HLADIK et al., Appellants, v TOWN OF MALTA et al., Respondents, et al., Defendants. — Appeal from an order of the Supreme Court at Special Term, entered June 3, 1980 in Saratoga County, which granted the motion of defendants Town of Malta and Roerig and dismissed the complaint against them for failure to state a cause of action. Order affirmed,

without costs, on the opinion of Mr. Justice Robert C. Williams at Special Term. Mahoney, P.J., Sweeney, Kane and Casey, JJ., concur.

Weiss, J., concurs in part and dissents in part in the following memorandum. Weiss, J. (concurring in part and dissenting in part). I respectfully disagree with the majority which would affirm the dismissal of both the fifth and sixth causes of action against defendants Town of Malta and Roerig. I fully agree that the sixth cause grounded in negligence must be dismissed because neither a municipality nor its officials may be held liable in negligence for the performance of any act involving the exercise of discretion *(Wolcott v Broughton,* 57 AD2d 1022; *Rottkamp v Young,* 21 AD2d 373, affd, 15 NY2d 831). However, I believe the fifth cause of action alleging conspiracy should not be dismissed for two reasons. First, while public officials are clothed with a limited immunity in the discharge of their public responsibilities *(Rottkamp v Young, supra),* the immunity is not absolute and will not shield one who, because of misfeasance, has stepped outside the scope of his authority *(Teddy's Drive In v Cohen,* 47 NY2d 79). That immunity should not become a cloak or shield for malicious, corrupt, or otherwise outrageous conduct on the part of those guilty of intentional abuse of power (Prosser, Torts [4th ed], § 132, p 989; *Schwartz v Heffernan,* 304 NY 474, 482). Second, the motion to dismiss pursuant to CPLR 3211 (subd [a], par 7) requires that the pleadings be deemed to allege whatever may be implied from statements contained by reasonable intendment, and they are entitled to every favorable inference that might be drawn *(Barr v Wackman,* 36 NY2d 371, 375; Siegel, New York Practice, § 265, p 325). We are required to determine not whether plaintiffs will recover upon trial, but only whether their complaint properly states a cause of action (4 Weinstein-Korn-Miller, NY Civ Prac, par 3211.29). I believe that the fifth cause of action has been properly stated and should not have been dismissed by Special Term *(Channel Master Corp. v Aluminium Ltd. Sales,* 4 NY2d 403, 408; 6 Carmody-Wait 2d, NY Prac, p 389). The order should be modified, on the law, by reversing so much thereof as dismisses the fifth cause of action, and said cause of action reinstated, and, as so modified, affirmed.