HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellant, v RUTH ROERIG, as Administratrix of the Estate of AUGUST ROERIG, Deceased, Respondent, et al., Defendant. — Appeal from that part of an order of the Supreme Court at Special Term (Harvey, J.), entered August 18, 1982 in Saratoga County, which denied plaintiff's cross motion for summary judgment. Charles Hladik and his wife had brought an action against the builder of their home, Hearthwood Homes, Inc., the Town of Malta and the town's building inspector, August Roerig, because of property damage caused by faulty drainage. Hartford Accident and Indemnity Company (Hartford) appeared in the Hladik action for the town and Roerig and moved to dismiss the complaint for failure to state a cause of action (CPLR 3211, subd [a], par 7). Special Term granted the motion. On appeal to this court, we affirmed on the opinion of Special Term (*Hladik v Town of Malta,* 81 AD2d 941). The Court of Appeals modified our order by denying the motion to dismiss the fifth cause of action against Roerig, individually, stating that "[t]he fair intendment of the pleading is to state a cause of action (for conspiracy to defraud plaintiffs) against Roerig in his individual capacity, beyond the shelter of sovereign immunity" (*Hladik v Town of Malta,* 55 NY2d 786, 788). On January 18, 1982, Hartford advised Roerig's personal attorney[*] that, since the policy issued to the town only covered Roerig for any acts while acting in an official capacity, it was withdrawing its defense of Roerig's estate. When Roerig's attorney insisted

---

[*] August Roerig had died prior to the decision by the Court of Appeals and his wife, as administratrix, had been substituted as a party.

that Hartford continue its defense of Roerig's estate, the instant declaratory judgment action was commenced by the insurer. Defendant Roerig's estate moved for summary judgment dismissing the complaint and Hartford cross-moved for similar relief (CPLR 3212). Special Term denied both motions. Plaintiff Hartford appeals from that portion of the order which denied its cross motion. An insurer is obliged to defend a suit against its insured until it is shown that the harm sustained was not covered in the policy (*Sturges Mfg. Co. v Utica Mut. Ins. Co.*, 37 NY2d 69). While the insurer's duty is a heavy one (*Green Bus Lines v Consolidated Mut. Ins. Co.*, 74 AD2d 136, 141, mot for lv to app den 52 NY2d 701), if "no basis for recovery within the coverage of the policy is stated in the complaint [the court], may sustain [the insurer's] refusal to defend" (*Lionel Freedman, Inc. v Glens Falls Ins. Co.*, 27 NY2d 364, 368). Here, the plain meaning of the Court of Appeals decision in the underlying action is that any action against Roerig in the scope of his employment must be dismissed. Thus, plaintiff Hartford is not obligated to defend Roerig's estate since the definition of "persons insured" in the applicable policy only included employees of the town "while acting within the scope of [their] duties as such" (see *Spoor-Lasher Co. v Aetna Cas. & Sur. Co.*, 39 NY2d 875). Finally, defendant Roerig's contention that Hartford is estopped from denying coverage is rejected. The intent of the parties, expressed in the language of the policy, was clearly to cover only acts within the scope of an employee's duties (see *Schiff Assoc. v Flack*, 51 NY2d 692). Subdivision 8 of section 167 of the Insurance Law, which only applies to coverage for death or bodily injury resulting from an accident (see *Zappone v Home Ins. Co.*, 55 NY2d 131), has no application to the factual pattern here. Order reversed, on the law, with costs, and it is declared that plaintiff Hartford Accident and Indemnity Company has no duty to defend the estate of August Roerig in the Hladik action now pending in the Supreme Court of Saratoga County and has no duty to indemnify the estate for any judgment against it in said action. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.