■ Alice Fox, Plaintiff, v 18-05 215 Street Owners Inc. et al., Defendants, and Helen Anastasi, et al., Individually and as Parents and Natural Guardians of Sophia Anastasi, an Infant, Defendants and Third-Party Plaintiffs-Respondents. Hartford Fire Insurance Company, Third-Party Defendant-Appellant.—In a third-party action, *inter alia,* for a judgment declaring that the third-party defendant is obligated to defend and indemnify the defendant third-party plaintiff, the third-party defendant Hartford Fire Insurance Company appeals from a judgment of the Supreme Court, Queens County (Lonschein, J.), dated January 13, 1987, which declared, *inter alia,* that it was obligated under a multiperil insurance policy to defend and indemnify the defendants John Anastasi and Helen Anastasi, individually, and as the parents and natural guardians of Sophia Anastasi, an infant, in the underlying negligence action.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and it is declared that the Hartford Fire Insurance Company has no duty to defend or indemnify the defendant third-party plaintiff in the underlying negligence action.

The remaining claim in the underlying action against Sophia Anastasi, the child of 2 of the 3 named insureds, with respect to the infant's own negligence off the insured premises, is not sufficient to impose a duty to defend on the third-party defendant Hartford Fire Insurance Company. While an insurer's duty to defend its insured is extremely broad *(see, Colon v Aetna Life & Cas. Ins. Co.,* 66 NY2d 6; *Schwamb v Fireman's Ins. Co.,* 41 NY2d 947) a court may determine, as a matter of law, that no duty to defend exists if no factual or legal basis for indemnification may be discerned under any of the provisions of the policy in issue *(see, Minerva v Merchants Mut. Ins. Co.,* 117 AD2d 720).

The complaint in the underlying negligence action alleged that the plaintiff was struck by the infant riding her bicycle in a shopping plaza. That allegation does not suffice to bring the plaintiff's injury within the coverage afforded by the instant multiperil liability policy. The infant is not a named insured nor is she a person insured under the policy terms as written. The injury occurred off the insured premises, which is a three-family dwelling in which the infant resides in one unit with her mother, a named insured. We are mindful that, in con-

struing the term "business" as applied to a domestic situation, we should resolve all ambiguities against the insurer and we have looked to the reasonable expectation and purpose of the insured in making the insurance contract *(see, Schaut v Firemen's Ins. Co.,* 130 AD2d 477). However, no reasonable interpretation supports a finding that the infant's actions arose out of "the ownership, maintenance or use of the insured premises and all operations necessary or incidental to the business of the named insured conducted at or from the insured premises" as provided for in the instant policy. Mangano, J. P., Thompson, Brown and Kunzeman, JJ., concur.