■ LINDA B. BEATTIE et al., Respondents, v HOME INDEMNITY INSURANCE COMPANY, Appellant, et al., Defendants.—In an action, *inter alia,* for a judgment declaring that the defendant Home Indemnity Insurance Company had a duty to defend Linda Brown Beattie in an action brought against her to

recover damages for wrongful death, the defendant Home Indemnity Insurance Company appeals from a judgment of the Supreme Court, Nassau County (Roberto, J.), entered May 12, 1989, which, *inter alia,* declared that it is obligated to provide a defense to Linda Brown Beattie.

Ordered that the judgment is reversed, on the law, with costs, and it is declared that Home Indemnity Insurance Company is not obligated to defend Linda Brown Beattie.

On May 5, 1984, a collision occurred in Syosset, New York, between a 1974 Buick, then owned and operated by Nicholas Kolovas, and a 1979 Datsun owned and operated by James J. McCarthy. Brian Sosnowski, who was in the McCarthy automobile, was killed. The record reveals that Kolovas, who was insured by the appellant Home Indemnity Insurance Company (hereinafter Home), had purchased the Buick from Linda Brown Beattie approximately 20 days before the accident took place. When Ms. Beattie owned the Buick, she was insured by the respondent Nationwide Insurance Company (hereinafter Nationwide).

A lawsuit was subsequently commenced by the estate of Brian Sosnowski, in which it was alleged—albeit erroneously —that Ms. Beattie was the owner of the Kolovas automobile and that Kolovas had been operating it with Ms. Beattie's permission. Ms. Beattie requested that Home undertake her defense, which request was denied by Home on the grounds that Beattie was not an insured under the policy issued to Kolovas. Beattie's former carrier, Nationwide, then defended her. It was ultimately determined that Ms. Beattie was not in fact the owner of the 1974 Buick when the accident took place.

Thereafter, Nationwide and Beattie commenced this action against Home, seeking a declaration that Home had been obligated to defend Ms. Beattie and therefore, that Home should now be required to reimburse Nationwide for the expense it had incurred in defending her. The Supreme Court agreed, concluding that the allegation of ownership and per- missive use set forth in the complaint triggered Home's duty to defend Ms. Beattie. We disagree.

It is well settled, of course, that an insurer's duty to defend is broader than its duty to indemnify *(see, e.g., Zurich-Ameri- can Ins. Cos. v Atlantic Mut. Ins. Cos.,* 139 AD2d 379, 384, *affd* 74 NY2d 621; *Technicon Elecs. Corp. v American Home Assur. Co.,* 74 NY2d 66, 73; *Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304; *National Cas. Ins. Co. v City of Mount*

*Vernon,* 128 AD2d 332, 335). "The duty of a liability insurer to defend an action brought against an insured is determined by the allegations in the complaint" *(Meyers & Son Corp. v Zurich-American Ins. Group,* 74 NY2d 298, 302; *Technicon Elecs. Corp. v American Home Assur. Co., supra; Servidone Constr. Corp. v Security Ins. Co.,* 64 NY2d 419, 424). If the facts alleged, when liberally construed, raise a claim based upon some act or omission of the insured which is within the coverage of the policy, then the insurer must defend *(see, Ruder & Finn v Seaboard Sur. Co.,* 52 NY2d 663, 669; *see also, Zurich-American Ins. Cos. v Atlantic Mut. Ins. Cos., supra; Colon v Aetna Life & Cas. Ins. Co.,* 66 NY2d 6). In considering whether an obligation to defend exists, "the court's duty is to compare the allegations of the complaint to the terms of the policy to determine whether a duty to defend exists" *(Meyers & Son Corp. v Zurich-American Ins. Group, supra,* at 302-303). "While the insurer's duty is a heavy one * * * if 'no basis for recovery within the coverage of the policy is stated in the complaint [the court], may sustain [the insurer's] refusal to defend' " *(Hartford Acc. & Indem. Co. v Roerig,* 93 AD2d 933, 934, quoting from *Lionel Freedman, Inc. v Glens Falls Ins. Co.,* 27 NY2d 364, 368; *see also, Meyers & Son Corp. v Zurich-American Ins. Group, supra,* at 302).

Contrary to Nationwide's contentions, we conclude that the Supreme Court erred in determining that Home was obligated to provide a defense to Ms. Beattie. Here, the person to whom the defense would be provided is neither a named insured nor an individual to whom the definitional section of an "insured" person is applicable. To impose upon Home an obligation to defend Ms. Beattie—a complete stranger to the policy—is to create a duty where "there is no possible factual or legal basis on which [the insurer] might eventually be * * * obligated to indemnify [the insured] under any provision of the insurance policy" *(Servidone Constr. Corp. v Security Ins. Co.,* 64 NY2d 419, 424, *supra,* quoting from *Spoor-Lasher Co. v Aetna Cas. & Sur. Co.,* 39 NY2d 875, 876; *see also, Lionel Freedman, Inc. v Glens Falls Ins. Co., supra; Bashor v Excess Ins. Co.,* 86 AD2d 882; *cf., Technicon Elec. Corp. v American Home Assur. Co.,* 74 NY2d 66, *supra).* Moreover, the Supreme Court's reliance upon the Court of Appeals' holding in *Colon v Aetna Life & Ins. Co. (supra),* is misplaced. Although in *Colon,* the individual demanding that the carrier defend was not the named insured, he was the driver of the offending automobile, and an allegation had been made in the underlying personal injury action that he was operating the automobile with the permis-

sion of the named insured, an allegation, which, if credited by the jury, would have given rise to coverage under the policy's omnibus provision. Here, in contrast, there is no possibility that an allegation in the underlying action could be construed as implicating a coverage provision of the policy since Ms. Beattie was neither the named insured nor the operator of the automobile when the accident occurred (see, Bashor v Excess Ins. Co., supra; see also, Fox v 18-05 215 St. Owners, 145 AD2d 410).

Accordingly, the judgment is reversed and a declaration is made that the appellant Home Indemnity Insurance Company was not obligated to defend Ms. Beattie. Bracken, J. P., Kooper, Harwood and Balletta, JJ., concur.