■ Luis Valle, Respondent, v George Blackwell (MVAIC), Appellant.—Judgment, Supreme Court, Bronx County (Douglas McKeon, J.), entered June 29, 1990 which, following a nonjury trial on a framed issue, determined that plaintiff was not the victim of an intentional tort and directed the Motor Vehicle Accident Indemnification Corporation (MVAIC) to pay plaintiff $10,000, reversed, on the law, and the defendant's motion to dismiss the complaint granted, without costs. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

Plaintiff Valle was injured on October 19, 1985 when he was struck by an uninsured van driven by the defendant George Blackwell. Plaintiff, acting as a good Samaritan, had interceded in an argument between defendant Blackwell and a woman, Marie Ellis. Thereafter, as plaintiff and the woman were crossing East 166th Street in Bronx County, both were struck by the van. Plaintiff was severely injured.

Subsequent to the occurrence, defendant Blackwell was convicted of two counts of assault in the first degree (Penal Law § 120.10 [1]) for the striking of plaintiff Valle and Ms. Ellis. Section 120.10 (1) of the Penal Law states that a person is guilty of assault in the first degree when "[w]ith intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument". The finding of intent in the criminal action precludes a finding here that the act was the result of an accident rather than intent. *(D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659 [1990].) Plaintiff could recover here only if the act had been caused by an accident rather than by an intentional act. (Insurance Law art 52.)

Accordingly, we reverse. Concur—Milonas, J. P., Kupferman, Asch, Kassal and Smith, JJ.