■ NANCIE D., Appellant, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY et al., Respondents. [600 NYS2d 472] — In an action, inter alia, for a judgment declaring that the defendant New York Central Mutual Fire Insurance Company is required to defend and indemnify the defendants Victor Nascimento, Joaquin Nascimento, and Adelina Nascimento in a personal injury action brought against them by the plaintiff herein pursuant to a policy of insurance issued by the defendant New York Central Mutual Fire Insurance Company, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Seidel, J.), dated May 17, 1991, which granted the motion of the defendant New York Central Mutual Fire Insurance Company for summary judgment and dismissed the complaint.

Ordered that the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for entry of a judgment declaring that New York Central Mutual Fire Insurance Company has no obligation to defend and indemnify the Nascimentos with respect to the incident in issue.

On Monday, September 5, 1983, at approximately 12:52 A.M., behind Newfield High School in Selden, Victor Nascimento beat, raped, and then stabbed the infant plaintiff. As a result of this incident, he was arrested and charged with attempted murder in the second degree and rape in the first degree. On October 31, 1983, he pleaded guilty to attempted murder in the second degree (i.e., that he, "with the intent to cause the death of [the infant plaintiff], attempted to cause her death by stabbing her with a sharp instrument"). During the plea allocution, he admitted three times that he meant to kill the infant plaintiff.

The infant plaintiff subsequently commenced a personal injury action against Victor Nascimento, his parents, the school district, and the security company providing security services to the school district. She thereafter notified the carrier of her claim against the Nascimentos, and when the carrier disclaimed coverage, she commenced the instant action seeking a declaration that it was obligated to defend and indemnify the Nascimentos. By an order entered on June 5, 1991, the Supreme Court, Suffolk County, granted the carrier's motion for summary judgment and dismissed the complaint, stating, in part, that "[t]he facts in this case convincingly demonstrate that the acts committed by Victor Nascimento were intentional and thus outside the clear terms of the insurance policy".

It is well established that a carrier must provide a defense to its insured in an action if the underlying complaint, liberally construed, sets forth any claim which can reasonably be said to fall within the coverage of the policy or if the carrier has actual knowledge of facts which tend to establish the reasonable possibility of coverage (see, Continental Cas. Co. v Rapid-Am. Co., 80 NY2d 640, 648; Fitzpatrick v American Honda Motor Co., 78 NY2d 61; Seaboard Sur. Co. v Gillette Co., 64 NY2d 304). However, if the allegations of the underlying complaint allow for no interpretation that will bring them within the policy provisions, there is no duty to defend (see, Allstate Ins. Co. v Mende, 176 AD2d 907; 44th Hotel Assocs. v Zurich Ins. Co., 174 AD2d 475; Beattie v Home Indem. Ins. Co., 170 AD2d 559). Furthermore, "an insured may not, by use of a

'shotgun' allegation, create a duty to defend beyond that which was anticipated by the parties when they entered into the policy contract" *(Village of Newark v Pepco Contrs.*, 99 AD2d 661, 662, *affd* 62 NY2d 772; *see also, Parkset Plumbing & Heating Corp. v Reliance Ins. Co.*, 87 AD2d 646).

Moreover, a carrier may also be relieved of its duty to defend if it can establish as a matter of law that there is no possible factual or legal basis on which it might eventually be obligated to indemnify its insured under any policy provision *(see, Allstate Ins. Co. v Zuk*, 78 NY2d 41, 45; *Servidone Constr. Corp. v Security Ins. Co.*, 64 NY2d 419; *Spoor-Lasher Co. v Aetna Cas. & Sur. Co.*, 39 NY2d 875; *Lionel Freedman, Inc. v Glens Falls Ins. Co.*, 27 NY2d 364, 368). Similarly, a carrier may be relieved of its duty by proving that a claim falls within the exclusions of an insurance policy *(see, Foley v Foley*, 158 AD2d 666).

In the instant case, the homeowner's policy issued by the carrier to the Nascimentos provided under the heading "Section II—Exclusions" that "1. Coverage E—Personal Liability and Coverage F—Medical Payments to others do not apply to bodily injury or property damage: (a) which is expected or intended by the insured". In support of its motion for summary judgment, the carrier submitted documentary evidence —i.e., the minutes of Victor Nascimento's plea of guilty—that the incident in question squarely fell within the terms of the policy's exclusionary clause *(see, Pawelek v Security Mut. Ins. Co.*, 143 AD2d 514; *New York Cas. Ins. Co. v Ward*, 139 AD2d 922).

Victor Nascimento pleaded guilty to attempted murder in the second degree (Penal Law § 125.25 [1]), a crime which necessarily includes as an essential element the specific intent to kill *(see, People v McDavis*, 97 AD2d 302; *People v Jimenez*, 73 AD2d 533; *People v Quinones*, 71 AD2d 662). Indeed, Victor Nascimento admitted that he "[m]eant to kill her"; the infant plaintiff herself testified in pretrial proceedings that Victor Nascimento had stabbed her in the chest, in the area around the heart, with a hunting knife, in order to keep her from telling anyone that he had raped her, and that he had even tried to push the knife in further. Under these circumstances, it is clear that the Supreme Court properly concluded that the carrier was not obligated to defend or indemnify the Nascimentos since the policy's exclusionary clause was applicable *(see, Matter of Nassau Ins. Co. [Bergen—Superintendent of Ins.]*, 78 NY2d 888; *D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659; *Allstate Ins. Co. v Boonyam*, 192 AD2d 688;

*Home Mut. Ins. Co. v Lapi,* 192 AD2d 927; *Valle v Blackwell,* 173 AD2d 390).

In view of the foregoing, we need not reach the parties' remaining contentions. However, we note that since this is a declaratory judgment action, a judgment should be entered declaring that the carrier has no obligation to defend or indemnify the Nascimentos with respect to the incident in issue *(see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Bracken, J. P., Balletta, O'Brien and Copertino, JJ., concur.