■ MONTAMMY GOLF CLUB et al., Appellants, v BRUEDAN CORPORATION et al., Respondents. [620 NYS2d 153] —White, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Patsalos, J.) in favor of defendants, entered December 1, 1992 in Orange County, upon submission of the controversy on an agreed statement of facts pursuant to CPLR 3222.

The issue on this appeal is whether defendant Frontier Insurance Company was obligated to defend and indemnify plaintiff Montammy Golf Club with respect to a certain personal injury action commenced against Montammy.

The facts are undisputed. Montammy leased golf carts from defendant Bruedan Corporation and was named an additional insured on a liability policy Bruedan purchased from Frontier. During the policy term, Dorothy Koch was injured when a golf cart she was riding in flipped over. She and her husband subsequently brought suit against, among others, Montammy and Bruedan. While Frontier provided a defense to Bruedan it disclaimed coverage to Montammy, thereby requiring plaintiff Crum & Forster Insurance Company, Montammy's general liability insurance carrier, to defend Montammy. Following the settlement of the Koch lawsuit, plaintiffs commenced this action seeking indemnification from defendants for the amount of the settlement paid on Montammy's behalf and the costs of the defense provided by Crum & Forster. Ultimately, this matter was submitted to Supreme Court which found that plaintiffs were not entitled to indemnification. Plaintiffs appeal.

An insurer's duty to defend arises whenever the allegations of the complaint bring the action within the coverage afforded by its policy *(see, Curtis v Nutmeg Ins. Co.,* 204 AD2d 833; *Nancie D. v New York Cent. Mut. Fire Ins. Co.,* 195 AD2d 535). Here, the face sheet of Frontier's policy indicates that cover-

age was for leased golf cart liability and the declaration page identifies the hazard insured against as "golfmobiles". From this language, we conclude the policy provided coverage for risks associated with the maintenance and operation of golf carts.

The Koch complaint contains one cause of action against Montammy. The sole allegation of negligence therein is that Montammy negligently and carelessly maintained the cart path along the 18th hole and the area adjacent thereto in a dangerous, hazardous and unsafe condition. Since this allegation relates to premises liability and not to the operation or maintenance of a golf cart, the risk covered under the policy, we find that Frontier had no duty to defend Montammy *(see, Allstate Ins. Co. v Boonyam,* 192 AD2d 688). Further, because we can conclude from the record that no coverage was afforded Montammy under Frontier's policy, we find that Frontier is not obligated to indemnify Montammy *(see, Servidone Constr. Corp. v Security Ins. Co.,* 64 NY2d 419, 425). Thus, Supreme Court properly concluded that plaintiffs were not entitled to indemnification from defendants.

Cardona, P. J., Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.