■ CONRAD R. SUMP & Co., Respondent, v HOME INSURANCE COMPANY, Appellant. [701 NYS2d 103] —In an action to recover damages for breach of contract based on the failure of the defendant Home Insurance Company to defend and indemnify the plaintiff under a professional liability policy in an action

against it brought by the St. Labre Indian School Education Association, the defendant appeals from an order of the Supreme Court, Suffolk County (Emerson, J.), dated July 22, 1998, which denied its motion pursuant to CPLR 3211 (a) (1), (c) to dismiss the complaint and granted the plaintiff's cross motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The plaintiff, Conrad R. Sump & Co. (hereinafter Sump), provides, *inter alia*, accounting services. The defendant, Home Insurance Company (hereinafter Home) issued a professional liability policy to Sump covering Sump's accounting services. In 1995 Sump was named as one of several defendants in a complaint by a former client, the St. Labre Indian School Education Association (hereinafter St. Labre). Sump had provided both accounting services and investment advice to St. Labre. The St. Labre complaint alleged, among other things, that Sump, both individually and in concert with the other defendants, had engaged in a pattern of recommending "high risk, illiquid and speculative investments which were totally unsuitable for St. Labre", self-dealing, and negligent accounting practices. Sump sent the St. Labre complaint to Home and demanded that Home defend and indemnify it. However, Home disclaimed coverage, asserting, *inter alia*, that all claims against Sump arose solely from Sump's role as investment advisor. Home asserted that such claims were not covered under the subject policy, and were subject to express exclusions for claims "arising out of services performed for a client for which the Insured also received any commission, fee, reciprocity or revenue for the sale or promotion of securities, tax shelters, real estate or other investments" and claims "based upon or arising out of representations or opinions made to a client by the Insured in connection with the performance or non-performance of a specific security, tax shelter, real estate or other investment". Ultimately, the St. Labre complaint was submitted to arbitration, after which St. Labre withdrew all claims against Sump.

Sump then commenced this action against Home to recover damages for breach of contract. Sump alleged that Home improperly declined to defend it against the St. Labre claims and sought reimbursement for litigation expenses incurred in the St. Labre proceedings. Home moved to dismiss the complaint, contending that it had properly declined to provide a defense to Sump because, although the St. Labre complaint contained "one conclusory reference" to Sump as an accountant, St. Labre's claims were "predicated solely upon [Sump]

having acted as an investment manager and advisor for St. Labre, having received improper commissions, and having rendered inappropriate investment advice", matters not covered under, or expressly excluded by, the subject policy. Sump opposed the motion and cross-moved for summary judgment on the issue of liability. Sump argued that the claims made by St. Labre, both facially and as litigated, included claims against it that did not arise from its role as investment advisor. In the order appealed from, the Supreme Court denied Home's motion and granted Sump's cross motion. We affirm.

The duty of the insurance carrier to defend, which is "exceedingly broad" (*Colon v Aetna Life & Cas. Ins. Co.,* 66 NY2d 6, 8; *see, Continental Cas. Co. v Rapid-Am. Corp.,* 80 NY2d 640, 648), is triggered whenever the four corners of a complaint, liberally construed, suggest a reasonable possibility of coverage, or when the insurance carrier has actual knowledge of facts establishing such a reasonable possibility (*see, Frontier Insulation Contrs. v Merchants Mut. Ins. Co.,* 91 NY2d 169; *Continental Cas. Co. v Rapid-Am. Corp., supra; Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304; *Nancie D. v New York Cent. Mut. Fire Ins. Co.,* 195 AD2d 535). The insurance carrier may be relieved of its duty to defend only if it can establish as a matter of law that there is no possible factual or legal basis on which it might eventually be obligated to indemnify its insured, or by proving that the claim falls within a policy exclusion (*see, Frontier Insulation Contrs. v Merchants Mut. Ins. Co., supra; Servidone Constr. Corp. v Security Ins. Co.,* 64 NY2d 419; *Nancie D. v New York Cent. Mut. Fire Ins. Co., supra*). For denials based on claimed policy exclusions, the insurance carrier "bears the heavy burden of demonstrating that the allegations of the complaint cast the pleadings wholly within that exclusion, that the exclusion is subject to no other reasonable interpretation, and that there is no possible factual or legal basis upon which the insurer may eventually be held obligated to indemnify the insured under any policy provision" (*Frontier Insulation Contrs. v Merchants Mut. Ins. Co., supra,* at 174). If any claim arguably arises from a covered event, the insurance carrier must defend the entire action, and assumes the risk and the consequences of making its own decision as to what is alleged or what might be proven against its insured (*see, Frontier Insulation Contrs. v Merchants Mut. Ins. Co., supra; McGroarty v Great Am. Ins. Co.,* 36 NY2d 358).

Here, although certain of the allegations made by St. Labre against Sump fell within the coverage exclusions relied upon by Home, Home did not meet its heavy burden of demonstrat-

ing that the allegations were wholly within such exclusions and that there was no possible factual or legal basis upon which it may have been held obligated to indemnify Sump under the policy. The St. Labre complaint sought damages from Sump due to, *inter alia,* allegedly negligent accounting practices that were not "based upon or arising out of" investment advice and/or alleged self-dealing by Sump. The complaint, in effect, alleged, among other things, that accounting negligence by Sump distorted the value and nature of certain investments and deprived St. Labre of the opportunity and ability to exercise independent judgment concerning the investments. The St. Labre complaint also alleged that Paul L. Morigi and the Paul L. Morigi Company, Inc. (hereinafter referred to collectively as Morigi), defendants in that action, engaged in a pattern of actionable investment advice and self-dealing. Indeed, specific allegations in the complaint against Sump in its capacity as accountant included, *inter alia,* the failure to have accurately and consistently reported certain commissions paid to Morigi. Further, the St. Labre complaint did not allege that Morigi was an employee or officer of Sump, or that all of the allegedly actionable conduct by Morigi involved concerted efforts with Sump. Accordingly, Home might have been called upon to indemnify Sump for damages arising from negligent accounting practices based on or arising out of investment advice and/or self-dealing by Morigi (*cf., Mount Vernon Fire Ins. Co. v Creative Hous.,* 88 NY2d 347). Accordingly, the Supreme Court properly granted Sump summary judgment on the issue of liability. Ritter, J. P., Santucci, Thompson and Goldstein, JJ., concur.