■ SIDNEY SCHNIPPER et al., Appellants, v HOME INDEMNITY COMPANY, Respondent. — Judgment, Supreme Court, New York County (Howard E. Bell, J.), entered July 1, 1983, dismissing plaintiffs-appellants' complaint, unanimously modified, on the law, without costs, to reinstate the complaint and grant plaintiffs-appellants' motion for partial summary judgment declaring that defendant-respondent was obligated to provide a defense to plaintiffs-appellants in an action brought against them by Catherine Schwarz up to the time of the service of the amended complaint in said action, and the matter is remanded for an assessment of plaintiffs-appellants' damages, and otherwise affirmed. ¶ Appeal from the order of said court entered on March 11, 1983 for reargument, deemed as one for renewal, is dismissed as having been subsumed in the appeal from the aforesaid judgment, without costs. ¶ Sidney Schnipper (Schnipper) as president of Municipal Pension Protectors, Inc. (Municipal) was a covered person under the policy of liability insurance issued by defendant-respondent The Home Indemnity Company (Home) which, among other things, insured Municipal against damages for personal injury liability "sustained by any person * * * arising out of one or more of the following offenses committed in the conduct of the named insured's business: Group A — false arrest, detention or imprisonment, or malicious prosecution". ¶ The Home policy further provided that "the company shall have the right and duty to defend any suit against the insured seeking damages on account of such personal injury even if any of the allegations of the suit are groundless, false or fraudulent". In February, 1980, Catherine Schwarz who had been employed by Municipal as a secretary for approximately three months, brought suit against Schnipper and Municipal, alleging that during her period of employment Schnipper had sexually harassed her, and made various sexual demands of her with which she ultimately complied against her will. Among the eight different claims asserted by Schwarz was one for false imprisonment, in respect to which she alleged that Schnipper intentionally restrained her freedom of movement by grabbing her, holding her down, and threatening her during the course of the sexual harassment. ¶ Home was notified of the lawsuit by Schnipper and Municipal and was requested to provide them with a defense. Home disclaimed coverage of Schwarz' claims, asserting that they all "arise out of an intentional act". Efforts to persuade Home to reconsider its disclaimer were unsuccessful. Schnipper and Municipal undertook their own

defense and successfully moved to dismiss the Schwarz complaint. Their victory was short lived, however. That dismissal was reversed by this court and the complaint reinstated (87 AD2d 510). Schnipper and Municipal obtained an extension of time to answer the Schwarz complaint and commenced this action to compel specific performance of Home's duty to provide them with a defense, to recover their legal fees in the Schwarz action and for a declaratory judgment as to Home's duty to defend them. ¶ Special Term initially mistakenly concluded that coverage for personal injury liability "sustained by any person as a result of an offense directly or indirectly related to the employment of such person by the named insured" was expressly excluded by the terms of the policy and denied a motion by Schnipper and Municipal for preliminary injunctive relief of specific performance and partial summary judgment granting declaratory relief. ¶ Recognizing its error on a motion for reargument made by Schnipper and Municipal, Special Term granted reargument, but also deemed the motion a motion to renew because Schwarz had in the meanwhile, served an amended complaint from which the cause of action for false imprisonment had been deleted. The court rejected the Schnipper/Municipal argument that there were factual allegations remaining in the Schwarz complaint, but nonetheless, supported a claim for false imprisonment and thus the claim was within the policy coverage. It held, however, that because the amended complaint superseded the prior pleading and became the only complaint in the case, and since the cause of action for false imprisonment was not unreasonably dropped, the Schwarz complaint no longer presented a covered risk. Searching the record on the motion for summary judgment and finding that the Schwarz amended complaint presented no claims falling within the provisions of the policy, Special Term granted summary judgment to Home dismissing the Schnipper/Municipal complaint. ¶ Special Term correctly determined that the amended complaint superseded the original complaint and became the only complaint in the case (*Halmar Distrs. v Approved Mfg. Corp.*, 49 AD2d 841) and since the cause of action for false imprisonment had been dropped, the amended complaint presented no claim within the policy coverage. ¶ The original complaint, however, stated a cause of action for false imprisonment, which fell within the ambit of the policy coverage. Home was obligated, therefore, to provide a defense to Schnipper/Municipal against that complaint up until the time it was amended. It is so well settled as to not require extensive citation that an insurer's duty to defend is broader than its duty to pay (see *Ruder & Finn v Seaboard Sur. Co.*, 52 NY2d 663) and "[s]o far as concerns the obligation of the insurer to defend the question is not whether the injured party can maintain a cause of action against the insured but whether he can state facts which bring the injury within the coverage. If he states such facts the policy requires the insurer to defend irrespective of the insured's ultimate liability." (*Grand Union Co. v General Acc., Fire & Life Assur. Corp.*, 254 App Div 274, 280, affd 279 NY 638; see, also, *Goldberg v Lumber Mut. Cas. Ins. Co.*, 297 NY 148; *Sturges Mfg. Co. v Utica Mut. Ins. Co.*, 37 NY2d 69; *International Paper Co. v Continental Cas. Co.*, 35 NY2d 322.) Home failed to meet its obligation and should respond in damages for that failure. Schnipper/Municipal therefore should recover as damages, their legal fees and expenses incurred in defense of the Schwarz action prior to the amendment of the complaint. (*Villa Charlotte Bronte v Commercial Union Ins. Co.*, 98 AD2d 330.) Concur — Murphy, P. J., Kupferman, Bloom, Kassal and Alexander, JJ.