(October 28, 1991)

■ ALLSTATE INSURANCE COMPANY, Respondent, v PAUL MENDE et al., Appellants, et al., Defendants.—In an action, *inter alia,* for a judgment declaring that the plaintiff has no duty to defend and indemnify the defendants Paul Mende and Pamela Mende, its insureds, in so much of an underlying action against them as is to recover damages for personal injuries sustained during an assault which occurred after an automobile accident, Paul Mende and Pamela Mende appeal from an order of the Supreme Court, Westchester County (Marbach, J.), entered December 20, 1989, which granted the plaintiff's motion for summary judgment, and granted the plaintiff leave to enter a judgment declaring, *inter alia,* that it need not defend or indemnify them in so much of the underlying action against them as is for damages which occurred during an assault after an automobile accident, and denied their cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

The underlying action arises from an automobile collision which occurred in the Town of North Castle in Westchester County. One of the vehicles involved was owned by the defendant Pamela Mende and operated by her husband, the defendant Paul Mende (hereinafter collectively referred to as the insureds). The other vehicle was owned by the defendant Lisa Rosenblatt and operated by the defendant Said Dib.

Rosenblatt and Dib instituted an action against the insureds seeking, on their first cause of action, recovery for property damage allegedly sustained as a result of the collision, and on the second cause of action, punitive damages arising from an alleged assault on Dib by Paul Mende at the scene of the accident. Specifically, in addition to their claim for damages caused by the insured's negligent ownership, maintenance and operation of their motor vehicle, Rosenblatt and Dib charged Paul Mende with "intentionally assault[ing] * * * Dib by pushing, holding, grabbing, restraining, striking, menacing and shouting".

On the day of the accident, a general liability automobile insurance policy issued by the plaintiff Allstate Insurance Company (hereinafter Allstate) covering the Mende vehicle was in effect. The insureds promptly notified Allstate of the

accident in accordance with the terms of the insurance contract. Allstate assigned counsel to undertake the insureds' full defense of the underlying action, but advised them that the claim for punitive damages arising from the alleged assault was not covered under their policy in any respect, and they would be personally liable for any verdict rendered on such claim. The insureds were also advised they could have their personal counsel cooperate with Allstate's counsel in the defense of the lawsuit. In fact, the insureds did retain personal counsel, who requested that Allstate keep him informed as to the ongoing status of the action.

Allstate subsequently reversed its position on providing a defense and returned the summons to the insureds, claiming that, upon further investigation, it could not defend or indemnify the punitive damages claim derived from an assault, which is conduct expressly excluded from coverage by the policy's terms. Because the insureds disputed the refusal to defend, Allstate designated a law firm to interpose an answer and instituted the instant action seeking a declaration with respect to its duty to defend and indemnify.

The verified bill of particulars submitted in support of Allstate's motion for summary judgment established that the claim for property damage had been settled, and the sole remaining claim was "grounded upon assaultive conduct by Paul Mende, and not upon the motor vehicle collision". The Supreme Court concluded that the remaining cause of action is clearly and specifically excluded from coverage under the policy and accordingly, Allstate was not obligated to indemnify or defend. We now affirm.

When the allegations of the underlying action cannot in any way be construed as falling within the policy's coverage, as a matter of law, there is no duty to defend (see, *Lionel Freedman, Inc. v Glens Falls Ins. Co.*, 27 NY2d 364; *Trepacz v General Acc., Fire & Life Assur. Corp.*, 32 AD2d 736). Although Allstate was initially obligated to provide a defense to the entire action, it was entitled, pursuant to the terms of the policy, to settle the claim for property damage, and was not, under the circumstances of this case, estopped from denying coverage for the remaining cause of action (see, *Corcoran v Abbott Sommers, Inc.*, 143 AD2d 874, 876; cf., *Schnipper v Home Indem. Co.*, 99 AD2d 959). Since Allstate did not breach its duty to defend, the insureds are not entitled to reimbursement for the litigation expenses incurred in defending the underlying action or the instant declaratory judgment action (*Parkset Plumbing & Heating Corp. v Reliance Ins. Co.*, 87

AD2d 646). Kunzeman, J. P., Rosenblatt, Miller and Ritter, JJ., concur.