■ THOMAS MIANO et al., Plaintiffs, v EVERITT J. HEHN et al., Defendants. THOMAS HEHN, Third-Party Plaintiff-Appel-

lant, v CNA Insurance Companies, Third-Party Defendant-Respondent. [614 NYS2d 829] —Judgment unanimously modified on the law and as modified affirmed without costs, judgment granted and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Plaintiffs, the tenants of a one-family home, commenced an action for damages for personal injury and injury to their personal property allegedly caused by exposure to asbestos. The exposure occurred when an employee of defendant Thomas Hehn pulled insulation containing asbestos from basement pipes, carried the insulation up to the first floor of the home and disposed of it outside the home. Thomas Hehn was insured by Continental Casualty Company (Continental). Continental disclaimed coverage upon the grounds that the trespass alleged in the first two causes of action was not an "occurrence" within the meaning of the standard policy endorsement and that liability for the bodily injury and property damage sought in the third and fourth causes of action was excluded by a so-called absolute pollution exclusion endorsement to the policy. Thomas Hehn commenced this third-party action seeking a judgment declaring that CNA Insurance Companies (CNA), which include Continental, had a contractual duty to defend and indemnify him and seeking damages for Continental's breach of that duty. CNA moved to dismiss the third-party action, and Hehn and plaintiffs cross-moved for summary judgment on the third-party complaint.

Supreme Court erred in concluding that endorsement U-GL-178, which states that "[a]ll pollution coverage has been excluded from your liability policy", applies in this case. That endorsement was not specified as a basis for the denial of coverage in Continental's letter of disclaimer. The court further erred in concluding that certain language appearing in endorsement IL 09 28, specifically "test for, monitor, clean up, remove, contain, treat, detoxify or neutralize the pollutants", applies to this case. That language likewise was not specified as a basis for disclaimer.

The absolute pollution exclusion endorsement provides that the policy does not apply "to *bodily injury* or *property damage* arising out of the actual, alleged or threatened discharge, dispersal, release or escape of pollutants * * * which are at any time transported, handled, stored, treated, disposed of, or processed as waste [emphases in original]". The Second Department has concluded that that endorsement "may be rea-

sonably interpreted to apply only to instances of environmental pollution" *(Karroll v Atomergic Chemetals Corp.,* 194 AD2d 715, *lv dismissed* 82 NY2d 920). Because this appeal originated in the Second Department, this Court is obligated to apply the law of the Second Department *(see, Matter of Doyle v Amster,* 79 NY2d 592, 595). We are constrained, therefore, to conclude that the absolute pollution exclusion endorsement is ambiguous concerning whether the environment encompasses the air within a residential home through which asbestos fibers pass *(see, Continental Cas. Co. v Rapid-American Corp.,* 80 NY2d 640, 654). Moreover, we note that the complaint alleges direct contact with asbestos fibers, which may be reasonably interpreted to be outside the scope of the exclusion endorsement *(see, Continental Cas. Co. v Rapid-American Corp., supra,* at 654).

Allegations in the complaint that Thomas Hehn was negligent in permitting the asbestos to be removed without adequate precaution and warning to plaintiffs may reasonably be interpreted to be an "accident * * * neither expected nor intended from the standpoint of the Insured", and thus, an "occurrence" within the meaning of the policy. Because the underlying complaint alleges one cause of action covered by the policy, Continental is contractually obligated to provide Thomas Hehn with a defense to that complaint *(see, Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 310; *Schnipper v Home Indem. Co.,* 99 AD2d 959). Under the circumstances, we modify the judgment by granting Thomas Hehn's cross motion to the extent of granting judgment declaring that CNA is obligated to provide a defense to the complaint and vacating the court's grant of summary judgment in favor of CNA.

Because the court granted summary judgment dismissing the third-party action, it never considered the motion and cross motion for a severance and separate trial of the action and third-party action. We remit this matter to Supreme Court for its consideration of those motions. (Appeal from Judgment of Supreme Court, Nassau County, Murphy, J.— Declaratory Judgment.) Present—Green, J. P., Balio, Fallon, Callahan and Davis, JJ.