■ ESSEX INSURANCE COMPANY, Appellant, v T-BIRDS NIGHTCLUB & RESTAURANT, INC., et al., Respondents. [645 NYS2d 218] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly directed plaintiff to defend T-Birds Nightclub & Restaurant, Inc. (defendant), its insured, in the underlying personal injury action. "An insurer must

defend whenever the four corners of the complaint suggest—or the insurer has actual knowledge of facts establishing—a reasonable possibility of coverage" (*Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 648). Where the allegations of the complaint fall within the scope of coverage, the insurer must defend "regardless of how false or groundless those allegations might be" (*Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 310; *see also, Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61, 63).

Here, the complaint in the underlying action alleges, *inter alia*, that Michael Abbotoy sustained injuries when Alan Polonkiewicz and other agents of defendant "negligently and carelessly escorted" him from the nightclub. The insurance policy issued to defendant excludes coverage for "claims arising out of Assault and Battery or out of any act or omission in connection with the prevention or suppression of such acts." Contrary to plaintiff's contention, that provision does not necessarily exclude coverage for the acts alleged by Abbotoy. The complaint does not allege that Abbotoy was assaulted while being escorted from the nightclub, nor does it allege that Abbotoy was escorted from the nightclub to prevent or suppress an assault or battery. Defendant's reliance on *U.S. Underwriters Ins. Co. v Val-Blue Corp.* (85 NY2d 821) is misplaced. In that case, it was undisputed that the injured person was intentionally assaulted by an employee of the nightclub, even though the allegations of the complaint in the underlying action sounded in negligence. Here, Abbotoy's injuries may have resulted from unintentional acts by agents of defendant. Because the complaint alleges a cause of action covered by the policy, plaintiff must provide its insured with a defense to the entire complaint (*see, Miano v Hehn*, 206 AD2d 957, 959). (Appeal from Judgment of Supreme Court, Erie County, Notaro, J.—Declaratory Judgment.) Present—Green, J. P., Pine, Fallon, Callahan and Davis, JJ.