■ FRANK POTTER et al., Individually and as Parents and Natural Guardians of FRANK D. POTTER and Another, Infants, Respondents, v NATIONAL GRANGE MUTUAL INSURANCE COMPANY, Appellant. (Appeal No. 1.) [656 NYS2d 980] —Appeal unanimously dismissed without costs (*see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeal from Order of Supreme Court, Herkimer County, Kirk, J.—Summary Judgment.) Present—Green, J. P., Pine, Doerr, Boehm and Fallon, JJ.

■ FRANK POTTER et al., Individually and as Parents and Natural Guardians of FRANK D. POTTER and Another, Infants, Respondents, v NATIONAL GRANGE MUTUAL INSURANCE COMPANY, Appellant. (Appeal No. 3.) [656 NYS2d 981] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court erred in concluding that, by breaching its duty to defend, defendant, National Grange Mutual Insurance Company (National Grange), was collaterally estopped from contesting whether the loss is within the policy coverage (*see, Servidone Constr. Corp. v Security Ins. Co.*, 64 NY2d 419, 423). The court, however, also addressed on the merits the issue whether coverage exists under the policy. We agree with the court's conclusion that National Grange failed to show that the pollution exclusion clause "is stated in clear and unmistakable language,

is subject to no other reasonable interpretation, and applies in [this] particular case" (*Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 652; *see also, Miano v Hehn*, 206 AD2d 957). Finally, National Grange failed to establish that the settlement of plaintiffs' action against Kalamazoo of New York, Inc., the insured, was collusive, in bad faith, or unreasonable. (Appeal from Judgment of Supreme Court, Herkimer County, Kirk, J.—Summary Judgment.) Present—Green J. P., Pine, Doerr, Boehm and Fallon, JJ.