■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAZEL WRIGHT, Appellant. [603 NYS2d 519] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered September 17, 1990, convicting her of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish that "[u]nder circumstances evincing a depraved indifference to human life [the defendant] recklessly engage[d] in conduct which create[d] a grave risk of death to another person, and thereby cause[d] the death of another person" (Penal Law § 125.25 [2]). The People proved

that the defendant and the decedent had a heated argument in the defendant's parked car and that, when the decedent exited from the car and walked away, the defendant turned the car around, accelerated, and struck him with enough force to crush his skull. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant contends that the Supreme Court erred in permitting the People to put her Grand Jury testimony into evidence, inasmuch as it constituted inadmissible hearsay. However, the defendant consented to the admission of those portions of the testimony which constituted admissions and objected only to the use of irrelevant background information. Moreover, the defendant participated in the selection of transcript excerpts and, when the certified transcript was eventually offered into evidence, expressly stated that she had no objection. Therefore, her present claim is unpreserved for appellate review (CPL 470.05 [2]) and we decline to review it in the exercise of our interest of justice jurisdiction. Rosenblatt, J. P., Copertino, Pizzuto and Joy, JJ., concur.