■ NEW YORK CITY TRANSIT AUTHORITY, Respondent, v AETNA CASUALTY & SURETY COMPANY, Appellant. [615 NYS2d 709] —In an action for a judgment declaring that the defendant Aetna Casualty & Surety Company has a duty to defend and indemnify the plaintiff New York City Transit Authority in a third-party action brought against it by a construction subcontractor, Aetna Casualty & Surety Company appeals from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (McCaffrey, J.), dated September 14, 1992, as granted partial summary judgment to the New York

City Transit Authority and denied its cross motion for summary judgment.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The underlying action in this insurance coverage dispute was commenced by a subway motorman employed by the New York City Transit Authority (hereinafter NYCTA) against L.K. Comstock & Co., Inc. (hereinafter Comstock), and Perini Construction, Inc. (hereinafter Perini), alleging that injuries he sustained when a dangling electrical conduit fell on the train he was operating resulted from the defendants' negligence in performing a contract with NYCTA. Comstock, a construction subcontractor of Perini, had been hired and retained in connection with contract C-31234, a joint venture of NYCTA, *inter alia,* and Perini. Comstock then impleaded NYCTA, expressly incorporating the underlying complaint in the third-party complaint, whereupon NYCTA sought a defense and indemnification from Perini's comprehensive general liability insurance carrier, Aetna Casualty & Surety Company (hereinafter Aetna). Under Perini's policy, both Perini and NYCTA are additional named insureds.

NYCTA commenced this action seeking declaratory relief, after Aetna refused to undertake the defense and indemnification of the NYCTA in the underlying action.

It is well established that an insurance carrier must provide a defense to its insured in an action if the underlying complaint, liberally construed, sets forth any claim which can reasonably be said to fall with the coverage of the policy or if the carrier has actual knowledge of facts which tend to establish the reasonable possibility of coverage *(see, Continental Cas. Co. v Rapid-American Corp.,* 80 NY2d 640, 648; *Fitzpatrick v American Honda Motor Co.,* 78 NY2d 61; *Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304). However, if the allegations of the underlying complaint allow for no interpretation that will bring them within the policy provisions, there is no duty to defend *(see, Allstate Ins. Co. v Mende,* 176 AD2d 907; *44th Hotel Assocs. v Zurich Ins. Co.,* 174 AD2d 475; *Beattie v Home Indem. Ins. Co.,* 170 AD2d 559).

Moreover, a carrier may also be relieved of its duty to defend if it can establish as a matter of law that there is no possible factual or legal basis on which it might eventually be obligated to indemnify its insured under any policy provision *(see, Allstate Ins. Co. v Zuk,* 78 NY2d 41, 45; *Servidone Constr. Corp. v Security Ins. Co.,* 64 NY2d 419; *Spoor-Lasher Co. v*

*Aetna Cas. & Sur. Co.,* 39 NY2d 875; *Lionel Freedman, Inc. v Glens Falls Ins. Co.,* 27 NY2d 364, 368).

We agree with the Supreme Court that the allegations of the third-party complaint, which incorporated the complaint in the underlying action, sufficiently set forth a claim that may reasonably be said to fall within the policy's coverage *(see, Fitzpatrick v American Honda Motor Co., supra).* Moreover, we reject Aetna's reliance on the seventh policy exclusion. The joint venture contract with the NYCTA provides that NYCTA is an indemnified party. The exclusion does not preclude coverage for liability assumed by the insured under a contract that relates to the business of the insured.

We have examined Aetna's remaining contentions and find they are without merit. Rosenblatt, J. P., Copertino, Joy and Florio, JJ., concur.