■ ALLSTATE INSURANCE COMPANY, Respondent, v MARIE BOSTIC, Appellant, et al., Defendant. [646 NYS2d 128]

On May 8, 1989, Robert Bostick was struck and killed by an automobile operated by Hazel Wright. Wright was subsequently indicted for two counts of murder in the second degree (Penal Law § 125.25 [1], [2]). After a jury trial, she was acquitted of intentional murder (Penal Law § 125.25 [1]) but convicted of depraved indifference murder (Penal Law § 125.25 [2]). That judgment was affirmed by this Court (*see, People v Wright,* 198 AD2d 249).

Marie Bostick, as administratrix of the estate of Robert Bostick, subsequently commenced a wrongful death action against Hazel Wright, and the owner of the vehicle, Eugene Wright. Allstate Insurance Company, Eugene Wright's automobile insurance carrier, commenced the instant action for a judgment declaring that it had no obligation to defend or indemnify Hazel Wright in the wrongful death action.

It is well settled that a carrier can be relieved of its duty to defend if it establishes as a matter of law that there is no possible factual or legal basis on which it might eventually be obligated to indemnify its insured under any policy provision (*see, Villa Charlotte Bronte v Commercial Union Ins. Co.,* 64 NY2d 846, 848; *Spoor-Lasher Co. v Aetna Cas. & Sur. Co.,* 39 NY2d 875, 876). Under the automobile insurance policy issued to Eugene Wright, Allstate agreed to provide coverage for "accidents arising out of the ownership, maintenance or use * * * of an insured auto". Hazel Wright's actions of turning her vehicle around, accelerating, and striking the decedent with enough force to crush his skull (*see, People v Wright, supra,* at 250), cannot be deemed "an accident" within the meaning of

the policy (*see, Hancock Prop. & Cas. Ins. Co. v Warmuth*, 205 AD2d 587). Thus, the incident which led to the death of Robert Bostick did not fall within the scope of coverage provided by Eugene Wright's automobile insurance policy.

We have examined the appellant's remaining contentions and find them to be without merit. Mangano, P. J., Rosenblatt, Ritter and Copertino, JJ., concur.