■ ERNEST TRANCHINA et al., Respondents, v GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant. [652 NYS2d 1010] —In an action, *inter alia,* for a judgment declaring that the defendant is obligated to defend and/or indemnify the plaintiffs in an action entitled *Weisshaut v Tranchina* (Richmond County Index No. 10246/95), the defendant appeals from an order of the Supreme Court, Richmond County (Mastro, J.), entered May 20, 1996, which granted the plaintiffs' motion for summary judgment to the extent of declaring that it is obligated to defend the plaintiffs.

Ordered that the order is reversed, on the law, with costs, the plaintiffs' motion for summary judgment is denied, and, upon searching the record *(see,* CPLR 3212 [b]), summary judgment is granted in favor of the defendant and the matter is remitted to the Supreme Court, Richmond County, for the entry of a judgment declaring that the defendant is not obligated to defend or indemnify the plaintiffs in the underlying action entitled *Weisshaut v Tranchina.*

It is well established that the duty of an insurance carrier to provide a defense in an appropriate action is a broad one, to be determined from the allegations of the underlying complaint and the terms of the policy *(see, Colon v Aetna Life & Cas. Ins. Co.,* 66 NY2d 6). The insurance carrier must provide a defense where the underlying complaint, liberally construed, sets forth a claim which is ostensibly covered by its policy, no matter how groundless, false, or baseless the suit may be *(see, Ruder & Finn v Seaboard Sur. Co.,* 52 NY2d 663). However, when the allegations of the complaint allow for no interpretation that will bring the plaintiffs within the policy protections, there is no duty to defend as a matter of law *(see, Lionel Freedman, Inc. v Glens Falls Ins. Co.,* 27 NY2d 364). Moreover, where, as a matter of law, there is no factual or legal basis upon which the insurer may be held liable for indemnification, the duty to defend does not arise *(see, Spoor-Lasher Co. v Aetna Cas. & Sur. Co.,* 39 NY2d 875, 876).

The homeowner's policy issued to the plaintiffs by the defendant Government Employees Insurance Company (hereinafter GEICO) expressly provided that it did "not apply to bodily injury or property damage * * * which is expected or intended by the insured". A review of the complaint in the underlying action reveals that it sounds in intentional tort, specifically, the intentional infliction of emotional distress and prima facie tort. The alleged damage was either intended or could reasonably be expected to result from the alleged conduct. Since the alleged intentional conduct was not covered by the policy, GEICO is not obligated to defend or indemnify the plaintiffs *(see, Utica Fire Ins. Co. v Shelton,* 226 AD2d 705; *Monter v CNA Ins. Cos.,* 202 AD2d 405). Rosenblatt, J. P., Copertino, Sullivan and Joy, JJ., concur.