■ SPHERE DRAKE INSURANCE COMPANY, Appellant, v BLOCK 7206 CORPORATION, Doing Business as HIPPS, Respondent, et al., Defendants. [655 NYS2d 86] —In an action for a judgment declaring that the plaintiff has no duty and obligation to defend or indemnify its insured, the defendant Block 7206 Corporation, d/b/a Hipps, in an action pending in the Supreme Court, Richmond County entitled *Rauscher v Block 7206 Corp.* (Index No. 12526/93), the plaintiff appeals from (1) an order of the Supreme Court, Richmond County (Mastro, J.), dated March 4, 1996, which denied its motion for summary judgment, and (2) so much of an order of the same court, dated June 25, 1996, as upon, in effect, granting reargument, adhered to its original determination, and granted the cross motion by the defendant Block 7206 Corporation for attorney's fees.

Ordered that the appeal from the order dated March 4, 1996, is dismissed, as that order was superseded by the order dated June 25, 1996, made upon reargument; and it is further,

Ordered that the order dated June 25, 1996, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

We agree with the plaintiff Sphere Drake Insurance Company (hereinafter Sphere Drake) that the underlying personal injury action brought against its insured, the defendant Block 7206 Corporation, d/b/a Hipps (hereinafter Block 7206), arising out of an alleged assault by employees of Block 7206, falls within the "Assault and Battery" exclusion of its general liability insurance policy (*see, U.S. Underwriters Ins. Co. v Val-Blue Corp.*, 85 NY2d 821). Because "no cause of action would exist but for the [alleged] assault, the claim is based on assault and the exclusion applies" (*Mount Vernon Fire Ins. Co. v Creative Hous.*, 88 NY2d 347, 350). This is so despite the conclusory allegations of negligence (*see, Allstate Ins. Co. v Mugavero*, 79 NY2d 153, 162; *Allstate Ins. Co. v Boonyam*, 192 AD2d 688; *New York Cas. Ins. Co. v Ward*, 139 AD2d 922; *cf., Essex Ins. Co. v T-Birds Nightclub & Rest.*, 229 AD2d 919).

However, because of its one-and-one-half-year delay in attempting to disclaim coverage, Sphere Drake is estopped from disclaiming its duty to defend the underlying action (*see, Matter of Allstate Ins. Co. v Ferrone*, 232 AD2d 479; *Hanover Ins. Co v Suffolk Overhead Door Co.*, 207 AD2d 428, 430).

Finally, the court properly held that Block 7206, which was "cast in defensive posture by the legal steps [the] insurer [has taken] in an effort to free itself from its policy obligations" (*Mighty Midgets v Centennial Ins. Co.*, 47 NY2d 12, 21), is entitled to recover the reasonable costs and attorney's fees incurred in the defense of that action (*Mount Vernon Fire Ins. Co. v Unjar*, 177 AD2d 480, 482; *see, U.S. Liab. Ins. Co. v Staten Is. Hosp.*, 162 AD2d 445, 447). Bracken, J. P., O'Brien, Santucci, Friedmann and Goldstein, JJ., concur.