■ Frank Altamore, Appellant, v Aetna Casualty and Surety Company, Respondent. [657 NYS2d 903] —In an action for a judgment declaring that the defendant Aetna Casualty and Surety Company has a duty to reimburse the plaintiff for legal expenses incurred in defending an action entitled *Long Is. Typographical Union, Local 915, I.T.U. v Altamore,* pursuant to the plaintiff's homeowner's insurance policy, the plaintiff appeals (1) from an order of the Supreme Court, Nassau County (McCaffrey, J.), dated June 20, 1996, which granted the motion of the defendant for summary judgment dismissing the complaint, and (2) as limited by his brief, from so much of an order of the same court, dated September 11, 1996, as, upon the granting of his motion for reargument, adhered to its prior determination.

Ordered that the appeal from the order dated June 20, 1996, is dismissed, as that order was superseded by the order dated September 11, 1996, made upon reargument; and it is further,

Ordered that the order dated September 11, 1996, is modified, on the law, by adding a provision thereto declaring that the defendant has no duty to reimburse the plaintiff for legal expenses incurred in defending the action entitled *Long Is. Typographical Union, Local 915, I.T.U. v Altamore;* as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

An insurance carrier must provide a defense to its insured in an action if the complaint, liberally construed, sets forth any claim which can reasonably be said to fall within the coverage of the policy. However, if the allegations allow for no interpretation that will bring them within the policy provisions, there is no duty to defend *(see, Meyers & Sons Corp. v Zurich Am. Ins. Group,* 74 NY2d 298, 302; *New York City Tr. Auth. v Aetna Cas. & Sur. Co.,* 207 AD2d 389, 390). Also, for purposes of determining whether coverage exists, the court must assume that what is alleged in the complaint actually happened *(see, Allstate Ins. Co. v Mugavero,* 79 NY2d 153, 159; *Monter v CNA Ins. Cos.,* 202 AD2d 405-406).

Here, the plaintiff's policy expressly excludes coverage for bodily injury or property damage "which is expected or intended by any insured". The complaint in the underlying action sounds in intentional tort, specifically, an intentional assault and intentional infliction of emotional distress. Since intentional conduct is not covered by the policy, the defendant insurer was not obligated to defend or indemnify the plaintiff *(see, Tranchina v Government Empls. Ins. Co.,* 235 AD2d 471).

We note that since this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of the defendant rather than dismissal of the complaint *(see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Pizzuto, J. P., Santucci, Joy and Florio, JJ., concur.