■ SPHERE DRAKE INSURANCE COMPANY, Appellant, v 72 CENTRE AVENUE CORP., Doing Business as DOWNTOWN LOUNGE, et al., Respondents. [657 NYS2d 65] —In an action for a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendant 72 Centre Avenue Corp., d/b/a

Downtown Lounge, in an action entitled *Mirabile v 72 Centre Ave. Corp.* (Index No. 18631/93) presently pending in the Supreme Court, Westchester County, the plaintiff appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered January 22, 1996, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment declaring that the plaintiff, Sphere Drake Insurance Company, is not under a duty to defend or indemnify 72 Centre Avenue Corp., d/b/a Downtown Lounge, in the underlying action.

On January 30, 1993, Vincent Mirabile sustained injuries while a patron at a New Rochelle bar known as the Downtown Lounge. He subsequently commenced the underlying action wherein he named as defendants the owner of the premises, the defendant 72 Centre Avenue Corp., d/b/a Downtown Lounge (hereinafter 72 Centre), as well as Andrew and Guy Peduto, two patrons of the bar on the night of the incident. The first and third causes of action in the Mirabile complaint in the underlying action allege, *inter alia*, that Andrew and Guy Peduto "intentionally struck the plaintiff, Vincent Mirabile, in the face with a glass bottle". The second and fourth causes of action allege, *inter alia*, that Andrew and Guy Peduto "carelessly and negligently struck the plaintiff, Vincent Mirabile, in the face with a glass bottle". The fifth and sixth causes of action allege that the defendant 72 Centre "failed to exercise reasonable care in making said premises safe", and contributed to the intoxication of Guy Peduto.

The plaintiff insurance carrier, Sphere Drake Insurance Company (hereinafter Sphere Drake), which had issued a comprehensive general liability insurance policy to 72 Centre, disclaimed coverage and commenced the instant action seeking a judgment declaring that it had no duty to defend or indemnify 72 Centre, because of the existence in the policy of an assault and battery exclusion.

The assault and battery exclusion provides as follows: "Notwithstanding anything contained to the contrary, it is understood and agreed that this policy excludes claims arising out of: (1) Assault and Battery, whether caused by or at the instructions of, or at the direction of or negligence of the Insured, his employees, patrons or any causes whatsoever; and (2) Allegations that the insured's negligent acts, errors or omissions in connection with the hiring, retention, supervision or

control of employees, agents or representatives caused, contributed to, related to or accounted for the assault and battery".

It is settled law that an insurance carrier must afford its insured a defense unless it can show that the allegations of the complaint bring it solely within the policy exclusion. But the analysis depends on the facts which are pleaded, not conclusory assertions (*see, Allstate Ins. Co. v Mugavero*, 79 NY2d 153, 162). Thus, where the theory of liability on which the injured party is proceeding cannot be determined from the facts pleaded, the insurance carrier must defend (*see, Spoor-Lasher Co. v Aetna Cas. & Sur. Co.*, 39 NY2d 875, 876-877). However, where it can be determined from the factual allegations that " 'no basis for recovery within the coverage of the policy is stated in the complaint, [a court] may sustain [the insurer's] refusal to defend' " (*Allstate Ins. Co. v Mugavero, supra*, at 163, quoting *Lionel Freedman, Inc. v Glens Falls Ins. Co.*, 27 NY2d 364, 368).

It is clear that pursuant to the terms of the assault and battery exclusion, the claims stated in the first, third, fifth, and sixth causes of action are excluded from coverage. However, after pleading in the first and third causes of action that Andrew and Guy Peduto "intentionally struck the plaintiff, Vincent Mirabile, in the face with a glass bottle", the plaintiff in the underlying action set forth in the second and fourth causes of action the totally inconsistent assertion that Andrew and Guy Peduto "carelessly and negligently struck the plaintiff, Vincent Mirabile, in the face with a glass bottle". No different or additional facts are pleaded. The motion papers do not suggest the least evidentiary support for the conclusory characterizations of the Pedutos' conduct as negligent, or provide an explanation of how the intrinsically intentional act of assault could be negligently performed. Accordingly, we conclude that the second and fourth causes of action, also, contain nothing which brings the complaint within the coverage of the policy (*see, Allstate Ins. Co. v Mugavero, supra*, at 163). Bracken, J. P., Santucci, Friedmann and Goldstein, JJ., concur.