■ VANGUARD INSURANCE COMPANY, Respondent, v EDWARD J. LEARY et al., Appellants, et al., Defendants. [666 NYS2d 514] —In an action for a judgment declaring that the plaintiff Vanguard Insurance Company has no duty to defend and indemnify Edward J. Leary in various underlying personal injury actions, the appeals are from (1) an order of the Supreme Court, Nassau County (Burke, J.), dated December 2, 1996, which granted the plaintiff's motion for summary judgment and denied the defendant Edward J. Leary's cross motion for the same relief, and (2) a judgment of the same court, dated January 28, 1997, which declared that the plaintiff had no

duty to defend or indemnify the defendant Edward J. Leary in the underlying actions.

Ordered that the appeals by Edward J. Leary and Brenda Dowdell are dismissed for failure to perfect the same in accordance with the rules of this Court (*see,* 22 NYCRR 670.8); and it is further,

Ordered that the appeals by Charlene Wiggins, Monica Wiggins, and Laurie Moon from the order are dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeals of Charlene Wiggins, Monica Wiggins, and Laurie Moon from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with entry of a judgment in the action (*see, Matter of Aho,* 39 NY2d 241). The issues raised on the appeals from the order are brought up for review and have been considered on the appeals from the judgment (*see,* CPLR 5501 [a]).

The Supreme Court properly granted judgment to the plaintiff and declared that the plaintiff was not required to defend or indemnify its insured, the defendant Edward J. Leary (*see, Allstate Ins. Co. v Mugavero,* 79 NY2d 153; *D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 65; *New York Cent. Mut. Fire Ins. Co. v Kilmurray,* 181 AD2d 40, 41-42; *see also, Tartaglia v Home Ins. Co.,* 240 AD2d 396; *Tranchina v Government Empls. Ins. Co.,* 235 AD2d 471). Bracken, J. P., O'Brien, Thompson and Altman, JJ., concur.