■ DUDLEY'S RESTAURANT, INC., et al., Respondents, v UNITED NATIONAL INSURANCE COMPANY, Appellant, et al., Defendant. [670 NYS2d 36] —In an action for a judgment declaring that the defendant United National Insurance Company has a duty to defend and indemnify the plaintiffs in an action entitled, *Santarlasci v Dudley's Restaurant*, pending in the Supreme Court, Bronx County, the appeal is from an order of the Supreme Court, Westchester County (Rudolph, J.), entered March 7, 1997, which denied the motion of United National Insurance Company for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion for summary judgment is granted, and the matter is remitted to the Supreme Court, Westchester County, for entry of a judgment declaring that the defendant United National Insurance Company has no duty to defend or indemnify the plaintiffs in connection with the underlying action.

In his complaint in the underlying action to recover damages

for personal injuries, Eric Santarlasci alleged, *inter alia*, that the "bouncers" employed by Dudley's Restaurant, Inc. (hereinafter Dudley's) "did not control or stop" certain intoxicated patrons of Dudley's who "wrongfully, unlawfully, maliciously, and without valid reasons or probable cause [struck Santarlasci] to and about his body". Contrary to the arguments advanced by Dudley's in the Supreme Court and on appeal, any liability which might possibly be imposed on it in the underlying action would fall squarely within the terms of the "assault & battery exclusion endorsement" of its insurance policy, which excludes coverage in connection with "claims arising out of Assault and Battery, whether caused * * * at the instigation of * * * or omission by the Insured [its] employees, patrons or any cause whatsoever" (*see, Sphere Drake Ins. Co. v 72 Centre Ave. Corp.*, 238 AD2d 574; *see also, Mount Vernon Fire Ins. Co. v Creative Hous.*, 88 NY2d 347; *U.S. Underwriters Ins. Co. v Val-Blue Corp.*, 85 NY2d 821; *Sphere Drake Ins. Co. v Block 7206 Corp.*, 237 AD2d 427; *United Natl. Ins. Co. v Waterfront N. Y. Realty Corp.*, 994 F2d 105; *The Tunnel v Bernstein*, 988 F2d 351). We see no merit to the contention of Dudley's that the "assault & battery exclusion endorsement" is ambiguous in light of the policy's definition of "occurrence".

For these reasons, the appellant was entitled to summary judgment and a declaration that it is not obligated to defend or indemnify Dudley's in connection with the underlying action. Bracken, J. P., Thompson, Goldstein and Santucci, JJ., concur.