■ STATE FARM FIRE AND CASUALTY COMPANY, Appellant, v MICHAEL J. TORIO et al., Respondents. [673 NYS2d 696] —In an action for a judgment declaring that the plaintiff is not obligated to defend and indemnify the defendant Michael J. Torio III s/h/a Michael J. Torio in a tort action commenced by the defendants Timothy A. Hewston, Nadia Petrov, Anne-Marie Petrov, and Magdalena Petrov, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated June 25, 1997, which denied its motion for summary judgment and, upon searching the record, granted summary judgment in favor of Michael J. Torio III for a declaration that the plaintiff is obligated to defend and indemnify him in the underlying action.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion is granted, and the matter is remitted to the Supreme Court, Suffolk County, for entry of a judgment declaring that the plaintiff is not obligated to defend and indemnify the defendant Michael J. Torio III in the underlying action.

On January 15, 1993, Timothy A. Hewston, Nadia Petrov, and Magdalena Petrov sustained a total of five gunshot wounds when the defendant Michael J. Torio III s/h/a Michael J. Torio discharged shots from a .22 caliber rifle. Criminal charges were brought against Torio and he pleaded guilty to one count of reckless endangerment in the first degree. At his plea allocution, Torio admitted that, after exchanging words with a group of people, he pointed the gun "towards them down low" and fired it, emptying the magazine, which contained 18 bullets. According to Torio, he did not intend to actually hit anyone with gunfire, but merely to frighten them. In a prior statement, he admitted that the rifle fired only one bullet at a time. Consequently, he would have had to fire 18 separate shots to empty the magazine. There is nothing in the record to indicate that anyone in the group was armed, nor did anyone physically threaten Torio.

Hewston and the Petrovs subsequently commenced an action against Torio to recover damages for personal injuries. Torio sought a defense and indemnification pursuant to a homeowners' policy and a personal liability umbrella policy procured by his father from the plaintiff. The plaintiff then commenced this declaratory judgment action alleging, inter alia, that the shooting was not an "accident" for which coverage was provided by the policies. The Supreme Court denied the plaintiff's motion for summary judgment, searched the record, and granted summary judgment in favor of Torio, finding that the injuries were the result of an accident.

We reverse. Torio's criminal act of firing 18 shots in the direction of a group of people, inflicting five wounds, cannot be considered an accident within the meaning of the policies (see, Allstate Ins. Co. v Bostic, 228 AD2d 628; Massachusetts Bay Ins. Co. v National Sur. Corp., 215 AD2d 456; Hancock Prop. & Cas. Ins. Co. v Warmuth, 205 AD2d 587). The damages caused by his conduct "flow[ed] directly and immediately from an intended act, thereby precluding coverage" (Continental Ins. Co. v Colangione, 107 AD2d 978, 979; see, Monter v CNA Ins. Cos., 202 AD2d 405). Accordingly, the plaintiff is entitled to a judgment declaring that it has no duty to defend or indemnify Torio in the underlying action. Mangano, P. J., Thompson, Santucci and Altman, JJ., concur.