■ VINCENT W. HARMANN, Appellant, v ALLSTATE INSURANCE COMPANY, Respondent. [688 NYS2d 600] —In an action for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff pursuant to a homeowner's insurance policy in an action entitled *Bouzid v Harmann*, pending in the Supreme Court, Nassau County, under Index No. 93-034855, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Carter, J.), dated March 3, 1998, which

declared that the defendant was not required to defend and indemnify the plaintiff, and dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff's homeowners' insurance policy issued by the defendant insurance carrier does not extend to the defense and/or indemnification of an action to recover damages sustained as a result of the willful or intentional acts committed by the plaintiff (*see, State Farm Fire & Cas. Co. v Torio,* 250 AD2d 833; *Allstate Ins. Co. v Bostick,* 228 AD2d 628; *Hancock Prop. & Cas. Ins. Co. v Warmuth,* 205 AD2d 587). Accordingly, since the underlying personal injury action seeks to recover damages for injuries sustained as a result of an alleged assault and battery and other intentional acts, the defendant was not obligated to defend and indemnify the plaintiff, and the instant complaint was properly dismissed. Bracken, J. P., Thompson, Goldstein and McGinity, JJ., concur.