■ ELIAS MALEK, Appellant, v ALLCITY INSURANCE COMPANY, Respondent, et al., Defendant. [694 NYS2d 159] —In an action for

a judgment declaring that the defendant Allcity Insurance Company is obligated to defend and indemnify the plaintiff in an underlying personal injury action, the plaintiff appeals from (1) an order of the Supreme Court, Rockland County (Sherwood, J.), dated September 29, 1998, which denied his motion for summary judgment and granted the cross motion of the defendant Allcity Insurance Company dismissing the complaint insofar as asserted against it, (2) an order of the same court, dated December 14, 1998, which denied his motion for reargument and renewal, and (3) a judgment of the same court, dated December 14, 1998, which declared that the respondent has no obligation to defend or indemnify him in the underlying personal injury action.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeals from the intermediate order dated September 29, 1998, and so much of the intermediate order dated December 14, 1998, as denied that branch of the plaintiff's motion which was for renewal must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on those appeals are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]). The appeal from so much of the intermediate order dated December 14, 1998, as denied that branch of the plaintiff's motion which was for reargument must be dismissed as no appeal lies from the denial of reargument.

The liability policy issued by the respondent to the plaintiff excludes coverage for, *inter alia,* conduct which is "expected or intended from the standpoint of the insured". Since the underlying personal injury action sounds in intentional tort—conduct which is excluded under the policy—the Supreme Court properly held that the respondent was not obligated to defend or indemnify the plaintiff (*see, Sphere Drake Ins. Co. v 72 Centre Ave. Corp.,* 238 AD2d 574, 576; *Altamore v Aetna Cas.& Sur. Co.,* 238 AD2d 455, 456; *Tunick v Goldstein,* 226 AD2d 705, 706; *Pistolesi v Nationwide Ins. Co.,* 223 AD2d 94, 97; *cf., Allstate Ins. Co. v Mugavero,* 79 NY2d 153). Ritter, J. P., Thompson, Joy and H. Miller, JJ., concur.