■ Joseph McKeown, Respondent, v Allcity Insurance Company, Appellant, and 212 E. 10 N. Y. Bar, Ltd., Doing Business as 10th Street Lounge, Respondent. [707 NYS2d 321] —Order, Supreme Court, New York County (Jane Solomon, J.), entered on or about December 10, 1998, which granted plaintiff's motion for summary judgment, declared that Allcity's disclaimer of coverage was invalid, declared that it was obligated to insure and indemnify defendant-respondent 212 E. 10 N. Y. Bar, Ltd., d/b/a 10th Street Lounge in an action brought against it by plaintiff, and denied Allcity's cross-motion for summary judgment, unanimously modified, on the law, to the extent of denying plaintiff's motion and vacating the declarations, and otherwise affirmed, without costs.

Under the circumstances, the motion court erred in granting plaintiff summary judgment and in declaring that the insurance policy at issue afforded coverage. There are questions of fact as to whether the incident was covered under the policy, since the record is devoid of any evidence as to how or why plaintiff, who was a patron attempting to gain entry into defendant-respondent's establishment, was allegedly assaulted by one of its employees, or as to the degree of criminal assault to which the employee allegedly pleaded guilty. Thus, coverage was not demonstrated by the insured (*Munzer v St. Paul Fire & Mar. Ins. Co.*, 145 AD2d 193, 199) or by plaintiff. It should also be noted that an unprovoked intentional assault might not be covered under a general liability policy, like the one at issue (*see, State Farm Fire & Cas. Co. v Torio*, 250 AD2d 833, *lv denied* 92 NY2d 819).

The court's finding of an alleged ambiguity in the insurance policy with regard to the term "accident", which resulted in the policy being construed against the insurer, was error. Though not defined in the policy, the term "accident", according to the Court of Appeals, should be "construed * * * in accordance with its understanding by the average man" (*Miller v Continental Ins. Co.*, 40 NY2d 675, 676; *see also, Nallan v Union Labor Life Ins. Co.*, 42 NY2d 884, 885). Thus, the meaning of the term in New York law is readily ascertainable.

The record also shows that the timeliness of the disclaimer is not at issue, since the disclaimer was made on coverage grounds (*see, Zappone v Home Ins. Co.*, 55 NY2d 131, 137-138 [the Insurance Law requirement as to timeliness of disclaimer (then section 167 [8], now section 3420 [d]) does not apply to denial of coverage]). Concur—Rosenberger, J. P., Williams, Rubin, Saxe and Buckley, JJ.