■ JAMES SILVA, Respondent, v UTICA FIRST INSURANCE COMPANY, Appellant. [755 NYS2d 433] —In an action for a judgment declaring that the defendant Utica First Insurance Company is obligated to defend and indemnify David Wong Restaurant, Inc., doing business as K-O Gourmet Chinese Restaurant, and David Wong, individually, in an action entitled *Silva v Dome Realty N.Y. Corp.,* pending in the Supreme Court, Queens County, under Index No. 160435/00, the defendant Utica First Insurance Company appeals from an order of the Supreme Court, Queens County (Dye, J.), dated December 21, 2001, which denied its motion, inter alia, for summary judgment dismissing the complaint. Presiding Justice Prudenti has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that the defendant, Utica First Insurance Company, is not obligated to defend and indemnify David Wong Restaurant, Inc., doing business as K-O Gourmet Chinese Restaurant, and David Wong, individually, in the underlying action entitled *Silva v Dome Realty N.Y. Corp.,* pending in the Supreme Court, Queens County, under Index No. 160435/00.

An assault and battery exclusion provision in a policy of insurance, which is clear and unambiguous, can serve to exclude coverage when a claim arises from an assault (*see U.S. Underwriters Ins. Co. v Val-Blue Corp.,* 85 NY2d 821 [1995]; *Malek v Allcity Ins. Co.,* 264 AD2d 468, 469 [1999]; *Dudley's Rest. v United Natl. Ins. Co.,* 247 AD2d 425, 426 [1998]). If no cause of action would exist but for the assaultive behavior, and the clear and unambiguous provisions of the insurance policy exclude coverage for intentional assaultive behavior, the insurer is under no obligation to defend the action (*see Mount Vernon Fire Ins. Co. v Creative Hous.,* 88 NY2d 347 [1996];

*Malek v Allcity Ins. Co., supra; Sphere Drake Ins. Co. v 72 Centre Ave. Corp.,* 238 AD2d 574, 575-576 [1997]). Here, the plaintiff's claims in the underlying action are rooted in intentional tortious behavior which the defendant specifically excluded from coverage by the clear and unambiguous provisions of the subject policy (*see Mount Vernon Fire Ins. Co. v Creative Hous., supra; U.S. Underwriters Ins. Co. v Val-Blue Corp., supra*). Accordingly, the defendant is not obligated to defend and indemnify the defendants in the underlying action, and is entitled to summary judgment and a declaration that it is not so obligated.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that the defendant, Utica First Insurance Company, is not obligated to defend or indemnify David Wong Restaurant, Inc., doing business as K-O Gourmet Chinese Restaurant, and David Wong, individually, in the underlying action entitled *Silva v Dome Realty N.Y. Corp.,* pending in the Supreme Court, Queens County, under Index No. 160435/00 (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Prudenti, P.J., Feuerstein, McGinity and H. Miller, JJ., concur.