GARY PAGANO et al., Appellants, v ALLSTATE INSURANCE COMPANY, Respondent. [773 NYS2d 307]—

In an action for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiffs in an underlying action entitled *Schlaefer v Pagano,* pending in the Supreme Court, Nassau County, under Index No. 14482/02, the plaintiffs appeal from an order of the same court (O'Connell, J.), dated March 11, 2003, which denied their motion for summary judgment and granted the defendant's cross motion for summary judgment.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the defendant Allstate Insurance Company is not obligated to defend and indemnify the plaintiffs in the underlying action entitled *Schlaefer v Pagano,* pending in the Supreme Court, Nassau County, under Index No. 14482/02.

An insurance carrier must provide a defense to its insured "whenever the allegations in a complaint, liberally construed, suggest a reasonable possibility of coverage, or when the insurer has actual knowledge of facts establishing such a reasonable possibility" (*City of New York v Insurance Corp. of N.Y.,* 305 AD2d 443 [2003]; *see Frontier Insulation Contrs. v Merchants Mut. Ins. Co.,* 91 NY2d 169, 175 [1997]). To be relieved of its duty to defend, an insurer must establish, as a matter of law, that there is "no possible factual or legal basis upon which it might eventually be obligated to indemnify its insured," or must prove that "the allegations fall wholly within a policy exclusion" (*City of New York v Insurance Corp. of N.Y., supra* at 444; *see Frontier Insulation Contrs. v Merchants Mut. Ins. Co., supra*). In determining whether coverage exists, the court must assume that what is alleged in the complaint actually happened (*Allstate Ins. Co. v Mugavero,* 79 NY2d 153, 159 [1992]; *Altamore v Aetna Cas. & Sur. Co.,* 238 AD2d 455, 456 [1997]; *Monter v CNA Ins. Cos.,* 202 AD2d 405, 405-406 [1994]).

The homeowner's and personal umbrella policies issued by the defendant to the plaintiffs excluded coverage for bodily injury "intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of,

an[y] insured person." Since the acts alleged in the underlying action sounding in assault and intentional infliction of emotional distress were intentional acts, they were not covered by the policy, and the defendant was not obligated to defend or indemnify the plaintiffs (*see Harmann v Allstate Ins. Co.*, 260 AD2d 544, 545 [1999]; *Altamore v Aetna Cas. & Sur. Co., supra; Tranchina v Government Empls. Ins. Co.*, 235 AD2d 471 [1997]; *Utica Fire Ins. Co. of Oneida County, N.Y. v Shelton*, 226 AD2d 705 [1996]).

We note that since this is a declaratory judgment action, the Supreme Court should have directed the entry of a judgment declaring that the defendant is not obligated to defend and indemnity the plaintiffs in the underlying action entitled *Schlaefer v Pagano*, pending in the Supreme Court, Nassau County, under Index No. 14482/02 (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Smith, J.P., Goldstein, Mastro and Rivera, JJ., concur.