All State Interior Demolition Inc. v Scottsdale Ins. Co. (2019 NY Slip Op 00574)





All State Interior Demolition Inc. v Scottsdale Ins. Co.


2019 NY Slip Op 00574


Decided on January 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2019

Renwick, J.P., Richter, Mazzarelli, Webber, Kern, JJ.


8247 653398/16

[*1]All State Interior Demolition Inc., et al., Plaintiffs-Respondents,
v
Scottsdale Insurance Company, Defendant-Appellant, United Interior Renovations, LLC, Defendant.


Goldberg Segalla LLP, Garden City (Brendan T. Fitzpatrick of counsel), for appellant.
Melito & Adolfsen P.C., New York (S. Dwight Stephens of counsel), for respondents.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered October 24, 2017, which, to the extent appealed from, granted plaintiffs' motion for summary judgment declaring that defendant Scottsdale Insurance Company has a duty to defend them in the underlying personal injury action, unanimously modified, on the law, to deny the motion as to plaintiffs 75 Plaza LLC, RXR Atlas LLC, and RXR Construction & Development LLC, and declare that Scottsdale has no duty to defend those plaintiffs, and otherwise affirmed, without costs.
The policy issued by defendant Scottsdale to defendant United Interior Renovations, LLC provided that an organization would be added as an additional insured on the policy "when [United] and such ... organization have agreed in writing in a contract or agreement that such ... organization be added as an additional insured on your policy." As plaintiff All State Interior Demolition Inc. is the only organization with which United agreed in writing that it be added as an additional insured on the policy, none of the other plaintiffs are entitled to coverage under the policy as additional insureds (AB Green Gansevoort, LLC v Peter Scalamandre & Sons, Inc., 102 AD3d 425, 426 [1st Dept 2013]).
Scottsdale contends that it also has no obligation to defend All State because the policy provides that an additional insured will be covered only when the underlying injury or damage was caused, in whole or in part, by United's acts or omissions, and the complaint in the underlying action contains no allegations of negligence against United, which was not even named as a defendant. However, the amended complaint and the bill of particulars allege that on the date of the accident the plaintiff was employed by United, and, when presented with his W-2 payroll records showing that United paid him for all of 2015, including the time that he was working on the subject project, the plaintiff admitted that he was working for United. These pleadings implicate United's demolition actions, alleging, for example, that the plaintiff was injured when he stepped on "construction debris and materials consisting of concrete and demolition remains." Moreover, the third-party complaint brought in the underlying action by plaintiffs herein against United, incorporates the underlying complaint by reference, alleges that United was negligent, and seeks indemnification from United, and is therefore sufficient to trigger Scottsdale's obligation to defend All State (see City of New York v Evanston Ins. Co., 39 AD3d 153, 157 [2d Dept 2007], citing Belt Painting Corp. v TIG Ins. Co., 100 NY2d 377, 383 [2003]; New York City Tr. Auth. v Aetna Cas. & Sur. Co., 207 AD2d 389, 391 [2d Dept 1994]).
Even if there were issues of fact whether the underlying plaintiff was working for United, as Scottsdale contends, Scottsdale would have a duty to defend All State in the underlying action, because it failed to establish that there is no possibility that it will be obligated to do so (see BP A.C. Corp. v One Beacon Ins. Group, 8 NY3d 708, 715 [2007]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 29, 2019
DEPUTY CLERK